988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack Lloyd MORRIS, Plaintiff-Appellant,
v.
James ROWLAND, et al., Defendants-Appellees.
 No. 92-16451.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 3, 1993.
 
 Appeal from the United States District Court for the Eastern District of California; No. CV-90-01442-WBS, William B. Shubb, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack Lloyd Morris, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action against prison officials pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.
 
 
 3
 The district court found that there was evidence of Morris's gang affiliation in the record to support the decision by prison officials to keep Morris in administrative segregation and that the hearing opportunities provided to Morris comported with due process. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 4
 In November of 1990, Morris filed this section 1983 action alleging that defendants had deprived him of due process of law by segregating him from the general prison population on the ground that he is affiliated with a prison gang after twice before finding that there was insufficient evidence to support such a conclusion.
 
 
 5
 In Toussaint v. McCarthy, 801 F.2d 1080 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987), this court held that an inmate may be segregated from the general prison population when prison officials reasonably believe he threatens the security of the prison. Id. at 1100-01. Gang affiliation is one such threat to prison security. See generally id. Prison officials need only provide the inmate with an informal adversarial hearing within a reasonable time, advise the prisoner of the reason for segregation and allow the prisoner to present his views. Id. at 1100-01. Due process does not require prison authorities to hold a hearing before the inmate is actually segregated or to disclose the identity of persons providing information relied on. Id. Moreover, "some evidence" in the record is enough evidence to support the prison officials' decision to segregate a prisoner. Id. at 1104.
 
 
 6
 Here, Morris' complaint and the exhibits attached to it support the prison officials' finding of a reasonable suspicion of gang affiliation. Among other things, the record indicates that: Morris is serving a sentence for a gang-related homicide; on 5 occasions between 1984-1990, confidential sources informed prison officials in three institutions that Morris was a prison gang leader; between June and September 1990, more information was obtained from another confidential source which identified Morris as a gang member; correspondence from a known gang member was found in Morris' cell; and Morris requested that he be housed with a known gang member.[1] The record further reveals that Morris was given a written statement concerning the reasons for his segregation from the general population at San Quentin on October 24, 1989. Moreover, the monthly hearings provided Morris by prison officials at both San Quentin and CCI from November 1989 through September 5, 1990 adequately comport with due process concerns as articulated by this court in Toussaint, id. Accordingly, the district court did not err by dismissing this action.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Appellant's request for oral argument is denied. The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Morris argues that he was twice found "innocent" of gang affiliations; once by the California Medical Facility and once by San Quentin. However, the record actually indicates that officials at those institutions were not satisfied with the evidence and so decided to continue to monitor and/or defer their decisions regarding Morris' gang affiliation pending further observation of his activities. Neither institution released Morris into its general population based on exoneration from gang related associations, and in fact, at the time of his transfer from San Quentin, the record indicates that Morris was classified by San Quentin as a gang member